UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
R. ALEXANDER ACOSTA, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

                              PLAINTIFF,

YIANNA FOOD CORP. d/b/a WILLISTON TOWN HOUSE DINER;
DIMAS CORPORATION d/b/a OLD WESTBURY DINER;
DIMAS TOWER d/b/a TOWERS ON THE GREEN; SPIROS
DIMAS, INDIVIDUALLY AND AS OFFICER; BAFTIJE DIMAS,
INDIVIDUALLY AND AS OFFICER; AND NADZIJE DIMAS,
INDIVIDUALLY,

                              DEFENDANTS.
------------------------------------------------------------------------X

Case No.: 17-cv-6974
(SJF)(GRB)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 4, 2019 ORDER AND IN SUPPORT OF DEFENDANTS' MOTION FOR CONTEMPT AND SANCTIONS**

**MILMAN LABUDA LAW GROUP PLLC**

Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.
Gregory C. Brown Jr., Esq.
*Attorneys for Defendants Dimas Corporation d/b/a Old Westbury Diner; Dimas Tower d/b/a Towers on the Green; Spiros Dimas; and Nadzije Dimas*
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Tel: (516) 328-8899
Fax: (516) 328-0082

**GARY JOHN DMOCH & ASSOCIATES**

Gary J. Dmoch, Esq.
Pantelis Skulikidis, Esq.
*Attorneys for Defendants Yianna Food Corp. d/b/a Williston Town House Diner; and Baftije Dimas*
171-22 Northern Boulevard
Flushing, New York 11358
Tel: (718) 939-4444
Fax: (718) 445-2520

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................... 1

**STATEMENT OF FACTS**........................................................................................................... 2

**LEGAL STANDARDS** ................................................................................................................ 4

    A.   Standard for Sustaining Objection to Magistrate Judge Order..................................... 4

    B.   Informant's Privilege ................................................................................................... 5

**ARGUMENT**................................................................................................................................. 5

    A.   The Order Is Neither Clearly Erroneous nor Contrary to Law.................................... 5

    B.   The Secretary Should Be Held in Contempt and Sanctioned ...................................... 9

**CONCLUSION** ........................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**
Am. Rock Salt Co., LLC v. Norfolk S. Corp., 371 F. Supp. 2d 358 (W.D.N.Y. 2005) ............... 10
Brennan v. Engineered Products, Inc., 506 F.2d 299 (8th Cir. 1974)........................................ 8, 9
Brinn v. Syosset Pub. Library, No. 09-CV-1151(TCP), 2013 U.S. Dist. LEXIS 92083 (E.D.N.Y. June 28, 2013) ..................................................................................................................4
Brock v. On Shore Quality Control Specialists, Inc., 811 F.2d 282 (5th Cir. 1987) ....................9
Chao v. Westside Drywall, Inc., 254 F.R.D. 651 (D. Or. 2009).....................................................5
Close-Up Int'l, Inc. v. Berov, 474 F. App'x 790 (2d Cir. 2012) .................................................10
Creighton v. City of New York, No. 12 Civ. 7454 (PGG), 2015 U.S. Dist. LEXIS 165757 (S.D.N.Y. Dec. 9, 2015)...................................................................................................5
Donovan v. Sovereign Sec., Ltd., 726 F.2d 55 (2d Cir. 1984) .....................................................11
EEOC v. First Wireless Grp., Inc., 225 F.R.D. 404 (E.D.N.Y. 2004)...........................................4
Herman v. Crescent Publ'g Grp., No. 00 Civ. 1665 (SAS), 2000 U.S. Dist. LEXIS 13738 (S.D.N.Y. Sept. 20, 2000)..................................................................................................5
In re Perez, 749 F.3d 849 (9th Cir. 2014) ......................................................................................8
Morisseau v. DLA Piper, 707 F. Supp. 2d 460 (S.D.N.Y. 2010) .................................................10
Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645 (2d Cir. 2004).................................................................................................................11
Perez v. Stanford Yellow Cab Taxi, Inc., No. 5:13-cv-04208 EJD, 2013 U.S. Dist. LEXIS 169313 (N.D. Cal. Nov. 27, 2013)................................................................................. 7, 8
Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53 (2d Cir. 1982) .................................11
Pimentel v. Delta Airlines, Inc., No. 17-CV-5317 (AMD) (JO), 2018 U.S. Dist. LEXIS 190978 (E.D.N.Y. Nov. 7, 2018) ..................................................................................................4
Regan v. Daimler Chrysler Corp., No. 07-CV-1112 (RRM) (JO), 2008 U.S. Dist. LEXIS 55029 (E.D.N.Y. July 18, 2008) .................................................................................................4
Roviaro v. United States, 353 U.S. 53 (1957) ........................................................................... 5, 8
Siani v. State Univ., No. 09-CV-407 (JFB) (WDW), 2011 U.S. Dist. LEXIS 69173 (E.D.N.Y. June 28, 2011) ..................................................................................................................5
Usery v. Ritter, 547 F.2d 528 (10th Cir. 1977)..............................................................................9
Weiss v. La Suisse, 161 F. Supp. 2d 305 (S.D.N.Y. 2001) ............................................................5
Wilson v. Navika Capital Grp., LLC, No. 4:10-CV-1569, 2014 U.S. Dist. LEXIS 7181 (S.D. Tex. Jan. 17, 2014)............................................................................................................7

**Statutes**
29 U.S.C. § 215(a)(3)......................................................................................................................8
28 U.S.C. § 636(b)(1)(A) ................................................................................................................4

**Rules**
Fed. R. Civ. P. 72(a) .......................................................................................................................4

## **PRELIMINARY STATEMENT**

On June 4, 2019, Magistrate Judge Gary R. Brown ordered Plaintiff, the Secretary of Labor ("Secretary"), to produce all of his unredacted witness statements to Defendants by July 7, 2019. On July 7, 2019 (the date production was due), the Secretary refused to produce eighteen (18) unredacted witness statements and filed the instant Objections instead—while waiting until the Eleventh Hour to do so.

Magistrate Judge Brown's June 4, 2019 order (the "Order") is neither contrary to law nor clearly erroneous. Magistrate Judge Brown thoroughly and thoughtfully analyzed the applicability of the government-informant's privilege to this case. Rather, it is the Secretary who misconstrues the applicable case law.

The Secretary pontificates at length that Defendants have no compelling need for the withheld witness statements for individuals not testifying at trial. However, the statements for these individuals are key to Defendant's defense. The withheld witness statements can further demonstrate that the Secretary's selected witnesses are not representative of all individuals listed on Amended Exhibit "A" of the Secretary's complaint. Accordingly, the Secretary would be barred from presenting the testimony of a representative sample of individuals in order to prove his prima facie case under the Fair Labor Standards Act.

Even assuming that the informant's privilege is applicable, which it is not, it must give way considering that this case is now set for trial. The Secretary's self-serving declaration cannot support his invocation of the informant's privilege as the alleged concerns are general, vague, and lack specificity, which calls into question the credibility of the allegations.

Thus, the only argument here that is clearly erroneous is that of the Secretary.

Meanwhile, the Secretary's failure to provide the withheld witness statements has impeded Defendants' ability to prepare their defense, which is especially troubling since this case is set for trial. Filing the instant Objections did not absolve the Secretary from complying with the Order, which the Secretary has still failed to do. Based on the Secretary's conduct and history of noncompliance with orders from Magistrate Judge Brown and this Court, he should be held in contempt and sanctioned.

Therefore, the instant Objections should be overruled, and the Secretary should be held in contempt and sanctioned.[1]

## STATEMENT OF FACTS

Defendants own and operate diners. These diners are staffed by cooks, bussers, dishwashers, servers, and managers. Defendants pay each of their employees on an hourly basis (except for managers), and they notify each employee of their respective hourly wage rate and their status as an hourly employee. Every week, these employees receive compensation that fluctuates based on the number of hours that they work.

The Secretary claims that Defendants treat cooks, bussers, and dishwashers as salaried employees, rather than hourly employees, by paying them a fixed sum each week regardless of their hours worked. The Secretary listed eighty-three (83) individuals for whom the Secretary seeks relief from Defendants for wage and hour violations. (Dkt. No. 30-1).

During the Rule 26(f) conference on March 8, 2018, Defendants, who were aware of the Secretary's intent to prosecute this case using a representative sample, requested the identity of the individuals to be relied upon by the Secretary to serve as his representative sample to satisfy his burden of proof. The Secretary refused such disclosure.

---

[1] Overruling the instant Objections would moot the Secretary's motion for a partial stay of the Order, which is pending before this Court. (Dkt. No. 72).

At the initial conference held on March 27, 2018 before this Court, Defendants raised this issue regarding the identities of the representative sample members. After oral argument on the issue, this Court permitted Defendants to move to compel the disclosure of the identities of the individuals that comprised the Secretary's representative sample. (Dkt. No. 22). This dispute was later referred to Magistrate Judge Gary R. Brown. On October 22, 2018, Magistrate Judge Brown ordered the Secretary to produce, within thirty (30) days of said order, a list of representative employees expected to testify at trial. (Dkt. No. 62-7).[2]

On January 11, 2019, the Secretary produced forty (40) redacted interview statements taken during his investigation that he relies on for computing damages and assessing liability against all Defendants.[3] These statements contained inappropriate redactions of discoverable information, including the interviewee's position, schedule, hours worked, dates of employment, and alleged amount of pay received. (See, e.g., Dkt. No. 55-1). Due to the heavy redactions, the interview statements were effectively useless to Defendants throughout discovery. As such, on May 31, 2019, Defendants moved to compel the Secretary to produce all of his witness statements unredacted. (Dkt. No. 55).[4]

On June 4, 2019, Magistrate Judge Brown held a conference to discuss, inter alia, Defendants motion to compel all of the Secretary's unredacted witness statements. During the conference, Magistrate Judge Brown evaluated the concerns of both parties, articulated his analysis of the issues, and allowed the parties to respond. (See Dkt. No. 62-5). Ultimately, Magistrate Judge Brown granted Defendants' motion to compel and ordered the Secretary to produce all of

---

[2] As discussed below, the Secretary refused to comply with Magistrate Judge Brown's October 22, 2018 order, even after this Court denied his objections to said order on the record at the April 4, 2019 status conference.
[3] During the depositions of Wage and Hour Investigator Jenna Montesano, she testified that the statements were actually interview notes rather than interview statements.
[4] Given that this case was set for trial by order of this Court on May 31, 2019, Defendants modified their initial request to seek all of the Secretary's unredacted witness statements. (Dkt. No. 56, p.3).

3

his witness statements unredacted by June 7, 2019—the same date that this Court ordered both parties to electronically file their trial witness lists. (Dkt. No. 62-3).

Notwithstanding Magistrate Judge Brown's June 4, 2019 Order (the "Order"), the Secretary refused to produce eighteen (18) unredacted witness statements, which is nearly half of all the Secretary's witness statements. (Dkt. Nos. 62-1, p.4; 62-9). To date, the Secretary has not complied with the Order, and neither Magistrate Judge Brown nor this Court has stayed his compliance with the Order.[5]

## LEGAL STANDARDS

**A.** **Standard for Sustaining Objection to Magistrate Judge Order**

A district judge must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Pimentel v. Delta Airlines, Inc., No. 17-CV-5317 (AMD) (JO), 2018 U.S. Dist. LEXIS 190978, at *4-5 (E.D.N.Y. Nov. 7, 2018) (citing Fed. R. Civ. P. 72(a)); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "An order is 'clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed,' and an order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Brinn v. Syosset Pub. Library, No. 09-CV-1151(TCP), 2013 U.S. Dist. LEXIS 92083, at *5 (E.D.N.Y. June 28, 2013) (quoting EEOC v. First Wireless Grp., Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004)).

Rule 72(a) provides "a highly deferential standard of review" and "imposes a heavy burden on the objecting party." Regan v. Daimler Chrysler Corp., No. 07-CV-1112 (RRM) (JO), 2008

---

[5] On June 7, 2019, the Secretary moved before Magistrate Judge Brown to stay the portion of the Order at issue in the instant Objections. Magistrate Judge Brown denied the Secretary's motion to stay on June 17, 2019.

4

U.S. Dist. LEXIS 55029, at *4 (E.D.N.Y. July 18, 2008). Furthermore, it is settled that "[a] magistrate judge's resolution of discovery disputes deserves substantial deference." Siani v. State Univ., No. 09-CV-407 (JFB) (WDW), 2011 U.S. Dist. LEXIS 69173, at *6 (E.D.N.Y. June 28, 2011) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001)).

**B.** **Informant's Privilege**

The government-informant privilege, which is implicated primarily in the criminal context but can be applied to civil cases, allows the government to protect the identity of persons who furnish information to it regarding violations of law. Creighton v. City of New York, No. 12 Civ. 7454 (PGG), 2015 U.S. Dist. LEXIS 165757, at *18 (S.D.N.Y. Dec. 9, 2015) (citing Herman v. Crescent Publ'g Grp., No. 00 Civ. 1665 (SAS), 2000 U.S. Dist. LEXIS 13738, at *5 (S.D.N.Y. Sept. 20, 2000); see also Roviaro v. United States, 353 U.S. 53, 59-61 (1957).

The informant's privilege is not absolute, and it is inapplicable "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Roviaro, 353 U.S. at 60-61; Chao v. Westside Drywall, Inc., 254 F.R.D. 651, 656 (D. Or. 2009). In making this determination, the court must balance the public interest in protecting the flow of information with the right of the defendant to prepare an adequate defense. Id. at 62.[6]

## ARGUMENT

**A.** **The Order Is Neither Clearly Erroneous nor Contrary to Law**

The Secretary's entire argument that the Order is clearly erroneous and contrary to law is based on his argument that Magistrate Judge Brown did not properly apply the law concerning the applicability of the informant's privilege. As detailed below, the Order was well-reasoned and did

---

[6] Ultimately, if the Secretary withholds information in situations where disclosure is required, the district court may dismiss the action. Roviaro, 353 U.S. at 65 n.15.

5

not result from a "fundamental misunderstanding" of the informant's privilege. (Dkt. No. 62-1, p.7). Not only did Magistrate Judge Brown thoroughly analyze the applicability of the informant's privilege to this case, but the Secretary is the one who misinterprets the case law cited in his Objections.

The Secretary insists that Defendants have no "compelling need" for the unredacted witness statements for non-testifying individuals. (Dkt. Nos. 62-5, 36:4-5; 62-1, p.11). However, the unredacted statements for non-testifying individuals are essential to Defendants' case. The Secretary's baseless assumption was specifically addressed and rejected by Magistrate Judge Brown during the June 4, 2019 conference. Magistrate Judge Brown understood that the Secretary's tactics were depriving Defendants of the opportunity to prepare their defense due to the Secretary's cherry-picking of witnesses, for which they provided unredacted witness statements. (Dkt. No. 62-5, 36:25-37:5 (THE COURT: "[T]he problem is you're picking and choosing right? You're taking the employees who tell you the terrible violations, I'm treated terribly, I'm not paid right . . . . [The Secretary] said, okay . . . I'll unredact those [statements], I'll call those people as witnesses. And good luck putting together your case."); 43:17-19 (THE COURT: "But Friday [June 7, 2019] you're going to tell them who is testifying. Those are obviously your best witnesses."); 43:24-44:1 (THE COURT: "But the non-testifying witnesses might be witnesses who frankly you don't like, right, you don't like their story . . . .")).

In addition, due to the Secretary's obstructionist conduct throughout this case, Defendants had no indication which individuals would comprise the Secretary's representative sample. Through dilatory motion practice and persistent noncompliance with orders from Magistrate Judge Brown and this Court, the Secretary has consistently impeded Defendants in their defense of this matter, which is especially troubling since this matter is set for trial. (See, e.g., Dkt. Nos. 33, 34,

6

62, 63, 72). After more than a year of stalling, Defendants finally confirmed that the Secretary seeks to present his case using a representative sample and learned the identity of the individuals comprising this representative sample. (Dkt. No. 61). Accordingly, Defendants have the right to demonstrate that the Secretary's selected witnesses are not representative of all individuals listed on Amended Exhibit "A" of the Secretary's complaint, which is why the witness statements for non-testifying individuals are key to Defendants' defense. Wilson v. Navika Capital Grp., LLC, No. 4:10-CV-1569, 2014 U.S. Dist. LEXIS 7181, at *53 (S.D. Tex. Jan. 17, 2014) ("The use of representative testimony [in cases under the Fair Labor Standards Act] is justified only where it is reasonable to believe that the testifying witnesses' experiences are sufficiently similar to those of the rest of the non-testifying plaintiffs.").

Even assuming that the informant's privilege is applicable, which it is not, it must give way considering that this case is now set for trial.[7] "As trial draws near, the balance shifts toward disclosure and the government must make a particularized factual showing regarding a danger of retaliation in order for continued validity of the privilege."[8] Perez v. Stanford Yellow Cab Taxi, Inc., No. 5:13-cv-04208 EJD, 2013 U.S. Dist. LEXIS 169313, at *5 (N.D. Cal. Nov. 27, 2013). The Secretary's self-serving declaration cannot support the particularized factual showing that is required. (Dkt. No. 62-2). The declaration alleges that non-testifying individuals "perceived retaliation" and "perceive that employees have suffered adverse action." (Id. ¶¶ 3, 5). These alleged concerns are general, vague, and lack specificity, which calls into question the credibility

---

[7] Magistrate Judge Brown recognized early on in this case that "the Secretary's citation to the informant's privilege is entirely inapposite to this matter." (Dkt. Nos. 62-7; 62-5, 31:11-13). As such, the Secretary's misguided application of the informant's privilege cannot be used to support his objections to the Order. (See, e.g., Dkt. No. 62-5, 39:3-5 ("MS. MA: I would say that yes, the informant's privilege in the FLSA context is stronger than in the criminal context.").

[8] The Secretary asserted that Magistrate Judge Brown "viewed the government informant's privilege as inapplicable in FLSA cases because the FLSA provides recourse for retaliation." (Dkt. No. 62-1, p.13). The Secretary assumption is not supported by the record.

of these allegations. The Secretary's declaration does not specifically describe the alleged retaliatory conduct that each individual purportedly reported. As such, the Secretary's declaration is patently insufficient and is tantamount to rumors and gossip, which cannot support a particularized factual showing of a danger of retaliation. Stanford Yellow Cab, 2013 U.S. Dist. LEXIS 169313, at *7-9 (requiring Secretary in FLSA retaliation case to "disclose to Defendants any alleged retaliatory conduct" through declarations by reporting individuals that describe alleged retaliatory conduct that each specific individual faced).[9]

Furthermore, the cases cited by the Secretary do not support his position. For example, In re Perez is a Ninth Circuit case that involved production of the Secretary's witness statements during the course of discovery. 749 F.3d 849, 852 (9th Cir. 2014). Unlike Perez, the instant case is set for trial and is far from the preliminary stages of litigation. As stated above, the informant's privilege (or any purported assertion of such) must give way due to the imminence of trial and because the Secretary's withheld witness statements are "relevant and helpful to [Defendants'] defense" and are "essential to a fair determination" of this action. Roviaro, 353 U.S. at 60-61; Stanford Yellow Cab, 2013 U.S. Dist. LEXIS 169313, at *5. Thus, Perez is unpersuasive here. Another case cited by the Secretary is Brennan v. Engineered Products, Inc., where the Eighth Circuit held that the defendants did not show substantial need for the Secretary's witness statements—primarily because the case was still in the discovery stage. 506 F.2d 299, 303-04 (8th Cir. 1974). In doing so, the court emphasized the "difference between the discovery and immediate pretrial stages," which demonstrates that defendants' need for the witness statements would be

---

[9] The FLSA prohibits retaliation against any employee that files a complaint or participates in a United States Department of Labor investigation. 29 U.S.C. § 215(a)(3). Certainly, this relief would not be necessary since Defendants have not intimidated or retaliated against any employees concerning their rights to participate in an FLSA lawsuit. Moreover, since the inception of this case nearly two (2) years ago, the Secretary has never complained to this Court that Defendants retaliated against any employee.

8

greater as the case moves closer to trial. Id. at 303. Similarly, the other cases cited by the Secretary centered around disputes that arose during the course of discovery. Thus, these cases are inapposite as they failed to analyze the diminished applicability of the informant's privilege during the pretrial stage. See, e.g., Brock v. On Shore Quality Control Specialists, Inc., 811 F.2d 282, 283 (5th Cir. 1987) (Secretary invoked informant's privilege in response to defendant's interrogatories); Usery v. Ritter, 547 F.2d 528, 530 (10th Cir. 1977) (same).

The cases cited by the Secretary demonstrate that he misunderstands the procedural posture of this case. Discovery has ended, and this case is set for trial. The justifications that the Secretary touted throughout this case have lost their efficacy. In fact, the Secretary concedes that the "informant's privilege is more likely to give way the closer the parties are to trial." (Dkt. No. 62-1, p.11). At this juncture, trial could not be any closer.

Finally, as a matter of public policy, the Secretary's position is untenable. The Secretary has cherry-picked his witnesses and has effectively pulled the wool over Defendants' eyes, which has continued to impede Defendants in preparing their defense. This unjust litigation tactic—selectively withholding information that may be favorable to Defendants, without any authorization from this Court or otherwise—should not be countenanced by this Court.

B.  **The Secretary Should Be Held in Contempt and Sanctioned**

As stated above, the Secretary refused to produce eighteen (18) unredacted witness statements as per the Order, and the Secretary has yet to comply. (Dkt. Nos. 62-1, p.4; 62-9). This is the latest step in the Secretary's malfeasance throughout this case. As Your Honor is aware, the Secretary previously refused to comply with Magistrate Judge Brown's October 22, 2018 order directing the Secretary to produce, within thirty (30) days, a list of representative employees expected to testify at trial. (See Dkt. No. 62-5, 31:10-18). The Secretary's noncompliance

9

persisted even after this Court denied his Objections to said order on the record at the April 4, 2019 status conference. The Secretary's obstructionist conduct has consistently impeded Defendants in their defense of this matter, which is especially troubling since this matter is set for trial.

The Secretary's filing of the instant Objections, along with his subsequent motions, did not absolve the Secretary of his obligation to comply with the Order. Morisseau v. DLA Piper, 707 F. Supp. 2d 460, 461 (S.D.N.Y. 2010) ("[P]laintiff is obliged by law to comply with the March 26 Order unless and until it is stayed or reversed, neither of which has occurred."); Am. Rock Salt Co., LLC v. Norfolk S. Corp., 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) ("No stay of that order was obtained from Magistrate Judge Foschio and, although, defendants moved for a stay before this Court, none was granted. Merely filing a motion for such relief does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order."). Thus, while the instant Objections are being decided, Defendants are still left at a disadvantage in their preparation for trial.

Accordingly, based on the Secretary's conduct and history of noncompliance, he should be held in contempt. A court has the inherent power to hold a party in contempt where (1) the Court has issued a clear and unambiguous order; (2) there is clear and convincing evidence that the party did not comply with that order; and (3) that party has not been reasonably diligent in endeavoring to comply with that order. Close-Up Int'l, Inc. v. Berov, 474 F. App'x 790, 793 (2d Cir. 2012). All three elements are met here. First, the Order could not be clearer: the Secretary was required to turn over "[a]ll of the[ir] witness statements, unredacted by Friday," which was June 7, 2019. (Dkt. No. 62-5, 42:25-43:1). Second, the Secretary admitted that they refused to comply with the Order. (Dkt. No. 62-1, p.6; 62-9). Third, as evidenced by the Secretary's prior refusal to comply

10

with Magistrate Judge Brown's October 22, 2018 order and his motions related to the Order, the Secretary has no intention of complying with the Order. (See Dkt. Nos. 62, 63, 72).

Since the Secretary is in contempt, sanctions are warranted. A court has broad discretion to impose sanctions for contempt in order "to compensate the party that has been wronged" and "to secure future compliance with court orders" (i.e. "coercive" sanctions). Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004). Several factors are considered in this exercise of discretion, including the character and magnitude of harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance, and the ability of the party in contempt to pay. Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir. 1982).[10]

Here, the Secretary should be ordered to reimburse Defendants for the attorneys' fees and costs related to this motion, and the Secretary should be fined $5,000 for each day that he withholds the eighteen (18) unredacted witness statements in question. The jury should also be instructed to draw a negative inference against the Secretary with respect to the information contained in the withheld witness statements (i.e. that the information contained in the withheld statements would be favorable to Defendants). These sanctions are supported by the factors previously mentioned. First, as stated above, the Secretary's conduct has impeded Defendants in their defense of this matter. This concern is even more prominent since this matter is set for trial, and the Secretary's actions serve as another effort to "hide the ball" from Defendants. Second, the amount of the monetary sanctions should serve to coerce the Secretary into compliance. Finally, the Secretary, backed by the United States government, has more than enough resources to pay the requested sanctions.

---

[10] It need not be established that the violation was willful. Paramedics Electromedicina, 369 F.3d at 655 (citing Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 59 (2d Cir. 1984)).

11

# **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court (1) overrule the Secretary's Objections to Magistrate Judge Brown's June 4, 2019 Order, (2) order the Secretary to immediately produce the eighteen (18) unredacted witness statements that he withheld, (3) hold the Secretary in contempt for his failure to comply with orders from Magistrate Judge Brown and this Court, and (4) sanction the Secretary by (i) requiring the Secretary to reimburse Defendants for attorneys' fees and all costs related to this motion, (ii) fining the Secretary $5,000 for each day that he continues to violate the Order, (iii) instructing the jury to draw a negative inference against the Secretary with respect to the information contained in the withheld witness statements, if the Secretary does not produce said statements, and (iv) providing such other and further relief as this Court deems just and proper.

Dated: Lake Success, New York
June 21, 2019

        **MILMAN LABUDA LAW GROUP PLLC**

        /s/ Joseph M. Labuda, Esq.
        Joseph M. Labuda, Esq.
        Matthew A. Brown, Esq.
        Gregory C. Brown Jr., Esq.
        *Attorneys for Defendants Dimas Corporation d/b/a Old Westbury Diner; Dimas Tower d/b/a Towers on the Green; Spiros Dimas; and Nadzije Dimas*
        3000 Marcus Avenue, Suite 3W8
        Lake Success, New York 11042
        Tel: (516) 328-8899
        Fax: (516) 328-0082

        **GARY JOHN DMOCH & ASSOCIATES**

        /s/ Gary J. Dmoch, Esq.
        Gary J. Dmoch, Esq.

        Pantelis Skulikidis, Esq.
*Attorneys for Defendants Yianna Food Corp. d/b/a Williston Town House Diner; and Baftije Dimas*
171-22 Northern Boulevard
Flushing, New York 11358
Tel: (718) 939-4444
Fax: (718) 445-2520