UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EUGENE SCALIA,[1] Secretary of Labor, United
States Department of Labor,

                     Plaintiff,

    v.

YIANNA FOOD CORP. d/b/a Williston Town
House Diner, DIMAS CORPORATION, d/b/a Old
Westbury Diner, DIMAS TOWER, d/b/a Towers on
the Green, SPIROS DIMAS, Individually and as
Officer, BAFTIJE DIMAS, individually and as Officer,
and NADZIJE DIMAS, Individually,

                     Defendants.
-------------------------------------------------------------------X

**FILED**
**CLERK**
9:49 am, Oct 18, 2019
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
17-CV-6974 (SJF) (GRB)

FEUERSTEIN, District Judge:

      Currently before the Court is Plaintiff's appeal from an order of United States Magistrate Judge Gary R. Brown dated June 4, 2019.  *See* Electronic Order (the "6/4 Order"); Transcript ("Tr."), Docket Entry ("DE") [59].   In that ruling, Magistrate Judge Brown ordered Plaintiff to, *inter alia,* provide a list of trial witnesses and produce unredacted witness statements for all Defendants' employees and former employees interviewed by the Department of Labor during its investigation.  On June 7, 2019, Plaintiff filed the witness list, which included thirty-one (31) non-party witnesses, *see* DE [61], produced unredacted statements for the individuals identified as trial witnesses, *see* DE [62-9], and appealed the 6/4 Order insofar as it directed production of unredacted statements of non-testifying employees.  DE [62].   This Court stayed enforcement of that part of the 6/4 Order that is the subject of the appeal and ordered Plaintiff to provide copies

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor, in place of R. Alexander Acosta.

.
.

of the eighteen (18) withheld, unredacted statements for *in camera* review.  Elec. Order of 6/27/19.  Plaintiff timely complied with that order.

The parties' arguments for and against production are straightforward.  Plaintiff asserts a government informant's privilege that allows the government to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."  *Roviaro v. United States,* 353 U.S. 53, 59, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957).  He claims that "all employees who provided interview statements are government informants whose identities are protected by the informant's privilege because they provided information to the government (i.e., the Wage and Hour Division) regarding violations of the FLSA by Defendants."  Plaintiff's Memorandum at 9, DE [62-1].  Implicitly acknowledging that the privilege is not absolute, Plaintiff argues that it only gives way where disclosure of the informant's identity is essential to the fair determination of the case.  *Id.* at 10; *see also* Tr. at 35 (Plaintiff's counsel notes that the Secretary "protects and withholds [employee's identities] for as long as possible").  He also raises the specter of retaliation and intimidation directed at these individuals by Defendants should their identities be revealed.  Defendants counter that the withheld statements are necessary to preparation of their defense and that Plaintiff's claims of perceived retaliation and adverse action are vague and speculative.  *See* Defendants Memorandum, DE [73].  They further note that the procedural posture of the case – discovery has closed and the trial date approaches – tips the balance in favor of disclosing the statements.  Magistrate Judge Brown reasoned that the employee statements might well reveal material helpful to the defense, including, *inter alia,* for use in cross-examination, and are relevant to aid in their preparation for trial.   He ordered immediate production because the trial date, which was subsequently adjourned, was imminent.

This Court has conducted a thorough, *in camera* review of the withheld statements and finds that many of the statements are cumulative and/or do not provide any worthwhile information meriting disclosure of the witness's identity.  In addition, to the extent a witness merely stated the hours he or she worked, this information is readily accessible by Defendants through review of their own records.  Several statements, however, reference other individuals who appear on Plaintiff's trial witness list and provide information that may be relevant to Defendants' trial preparation regarding those witnesses.  Moreover, some of the witness statements were given by individuals who are no longer employed by Defendants and thus the purported threat of retaliation no longer exists.  Taking into account the various issues, and balancing the Defendants' need for the statements to adequately prepare for trial with the Plaintiff's interest in protecting the identity of the witnesses, the following statements shall be produced to Defendants in unredacted form no later than **November 29, 2019**: TG00067; TG00071; TG00078; WTH00061; WTH00064-65.

**SO ORDERED**.

        /s/
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
      October 18, 2019