F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 02 2019   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

EUGENE SCALIA, Secretary of Labor,[1]
United States Department of Labor,

                    Plaintiff,

              v.

YIANNA FOOD CORP. d/b/a WILLISTON TOWN HOUSE
DINER; DIMAS CORPORATION d/b/a OLD WESTBURY
DINER; DIMAS TOWER d/b/a TOWERS ON THE GREEN;
SPIROS DIMAS, Individually and as Officer; BAFTIJE
DIMAS, Individually and as Officer; and NADZIJE DIMAS,
Individually,

                    Defendants.

-------------------------------------------------------------------

:
:
:
:
:   17 Civ. 06974 (SJF)(GRB)
:
:
:
:
:
:

## CONSENT JUDGMENT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor
("Secretary"), has filed his complaint and defendants Yianna Food Corp. d/b/a Williston Town
House Diner, Dimas Corp. d/b/a Old Westbury Diner, Dimas Tower Inc. d/b/a Towers on the
Green (together, "Defendant Diners"), Spiros Dimas, Individually and as Officer and Baftije
Dimas, Individually and as Officer (collectively, "Defendants") have appeared by counsel and
agree to the entry of this Consent Judgment in full settlement of the claims which have been made
or asserted in this action. Defendants acknowledge that they have notice of, and understand, the
provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent
Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court and
may be subject to punitive damages if they fail to comply with the provisions of this Consent
Judgment.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Eugene
Scalia is automatically substituted as plaintiff.

1.     The Secretary's complaint alleges that Defendants willfully violated sections 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) (the "Act" or "FLSA") by failing to pay their employees overtime wages, and failing to make, keep, and preserve adequate and accurate records.

2.     Defendants agree that, during the relevant time, they were a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act applied to Defendants.

3.     Defendants Spiros Dimas and Baftije Dimas agree that, during the relevant time, they were employers under section 3(d) of the Act and that the provisions of the Act applied to them.

4.     Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

5.     Defendants neither admit nor deny the allegations set forth in the Secretary's complaint.

It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that:

I.     Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of sections 7(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act in any of the following manners:

(1)     Defendants shall not, contrary to section 7 of the Act, employ any of their non-exempt employees for workweeks longer than the hours now, or which in the future become,

2

applicable under sections 7 and 15(a)(2) of the Act, unless the non-exempt employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2)     Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment. Defendants shall make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, such records of employees and of the wages, hours, and other conditions and practices of employment, as prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(3)     Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the U.S. Department of Labor, or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms and conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

(4)     Defendants shall not discharge, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate or retaliate against an employee, including soliciting the repayment of back wages paid to any employee, because the employee engages in or is believed to have engaged in any of the following activities:

a.     Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

3

        b.      Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

        c.      Objects to, or refuses to participate in any activity, policy or practice that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II.      Upon the parties' agreement that unpaid overtime back wages are owed and shall be paid to the current and former employees listed on Exhibit A[2], which is attached hereto, in the amount of $182,500.00, plus an equal amount of liquidated damages of $182,500.00, and civil money penalties pursuant to section 16(e) of the Act in the amount of $15,000.00, for a total amount of $380,000, plus post-judgment interest calculated at the Current Value of Funds Rate pursuant to Public Law 95-147, 91 Stat. 1227 (October 28, 1977), which is currently 1% per annum, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of $182,500.00 in unpaid overtime back wages owed to their employees in the amounts listed opposite their names on Exhibit A. In addition, Defendants shall pay an equal amount of liquidated damages of $182,500.00 to their employees in the amounts listed opposite their names on Exhibit A, plus post-judgment interest. Defendants shall also pay $15,000.00 in civil money penalties to the Secretary. These payments shall be made by Defendants in accordance with Paragraph III below and Exhibit B of this Consent Judgment.

---

[2] The parties stipulate to amending Exhibit A, attached to the Complaint, as set forth in Exhibit A herein.

III.    The provisions of this Consent Judgment relative to back wages, liquidated damages and civil money penalties shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below:

    (1)    Defendants shall pay $50,000.00 within 30 days of the date of entry of this Judgment. The remaining balance plus post-judgment interest shall be made in accordance with the amounts, due dates, and specifications set forth in Exhibit B, electronically on www.pay.gov as set forth below:

    a.    For electronic payments of "Back Wages" and "Liquidated Damages" in accordance with the amounts, due dates, and specifications set forth in Exhibit B, by ACH transfer, credit card, debit card, or digital wallet, go to http://pay.gov/public/form/start/77689032, and then:

        (i)    Select "Continue to the Form" and complete the required fields.

        (ii)    The "BW Case Number" is Case No. 1810883.

        (iii)    The "Date of Assessment" is the date of the Order.

    b.    For electronic payment of the "Civil Money Penalty" in accordance with the amount, due date, and specification set forth in Exhibit B, by ACH transfer, credit card, debit card, or digital wallet, go to https://www.pay.gov/public/form/start/77734139, and then:

        (i)    Select "Continue to the Form" and complete the required fields.

        (ii)    The "CMP Case Number" is Case No. 1810883.

        (iii)     The "Act" is FLSA.

        (iv)     The "Date of Assessment" is the date of the Order.

     (2)     The Secretary shall distribute Defendants' back wage and liquidated damages payments, including interest and less any legal deductions, to the former and current employees, or to their estates, as set forth in Exhibit A. Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be deposited into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

     (3)     Defendants shall provide to the Secretary the social security numbers, if such is available, and the last known addresses of each former or current employee listed in Exhibit A within 20 days of the date of entry of this Judgment.

     (4)     Defendants and anyone acting on their behalf shall not in any way, directly or indirectly, solicit or accept the return or refusal of any sums paid under this Judgment. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any employees or former employees' because of their receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

     (5)     If Defendants fail to make an installment payment on Exhibit B, a seven calendar-day grace period shall be allowed for receipt of such installment payment. In the event that the U.S. Department of Labor does not receive an installment payment check by the eighth calendar day after which it is due, the U.S. Department of Labor's representatives will notify Defendants through their attorneys, Joseph Labuda and Peter Skulikidis, by email at

6

joe@mllaborlaw.com and garydmoch@gmail.com. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorney. If the U.S. Department of Labor does not receive payment within 10 days of notifying Defendants' attorney of an overdue installment payment, then the total amount due under this Judgment of $380,000.00, plus post-judgment interest, less any amounts already received by the Secretary pursuant to this Judgment, shall become due immediately and the Court will appoint a Receiver. No action or non-action by the Secretary shall constitute a waiver of this paragraph.

     (6)    In the event a Receiver is appointed, it is ORDERED that:

     a.    Defendants shall produce to the court-appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, Defendants shall submit to an accounting by an independent certified public accountant and/or the Receiver, and the accountant or Receiver shall testify, if they so decide.

     b.    All the expenses of the accountant or Receiver shall be borne solely by Defendants.

     c.    The Receiver shall serve until the payment of the monetary terms of this Judgment is satisfied.

     d.    The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under their judgment.

(7)     ORDERED that Defendants shall post the attached Exhibit C in English, Spanish, and Greek at each of the Defendant Diners. Defendants shall display Exhibit C where employees may easily view them within 30 days of the date of entry of this Judgment and shall maintain Exhibit C in a conspicuous place at each of the Defendant Diners for a period of two years from the date of entry of this Judgment.

(8)     ORDERED that Defendants shall provide a copy of Exhibit C in English, Spanish, and Greek to all of their current employees within 30 days of the date of entry of this Judgment.

(9)     ORDERED that Defendants shall distribute a copy of the flyers entitled "Employee Rights Under the Fair Labor Standards Act" and "Fact Sheet #23: Overtime Pay Requirements of the FLSA," as issued by the U.S. Department of Labor. Defendants shall distribute these copies to each current employee within 20 calendar days of the date of entry of this Consent Judgment. Thereafter, Defendants shall provide these flyers to any new employees who are hired within one year of the date of entry of this Consent Judgment, at the time of hire.

(10)     ORDERED that Defendants shall implement the following provisions to ensure their compliance with the Act:

a.     Defendants shall utilize automated timekeeping systems or other FLSA-compliant timekeeping systems for all employees, whether part-time, full-time, or temporary, including any employee who performs work at the Towers catering hall, to accurately reflect the time each employee begins and finishes the workday and any breaks taken by each employee.

8

b.      Defendants shall treat all employee breaks as compensable hours worked, unless the break is more than 20 minutes in duration and the employee is completely relieved from work duty during the break.

c.      If an employee performs work at more than one Defendant Diner, the automated timekeeping systems or other FLSA-compliant timekeeping systems shall accurately reflect the employee's hours worked at each Defendant Diner.

d.      Defendants shall not edit or alter employees' hours worked in their timekeeping systems in any way that does not accurately reflect employees' actual hours worked.

e.      Defendants shall pay wages to non-exempt employees based on the actual hours that employees worked during each applicable pay period.

f.      Defendants shall make and maintain records of total daily or weekly straight time earning or wages due for hours worked during the workday or work week, exclusive of premium overtime compensation; total premium pay for overtime hours; and total wages paid, regardless of the form of compensation, in accordance with 29 C.F.R. § 516.2.

(11)    Defendants shall provide each employee with a statement of every payment of wages, regardless of the form of compensation, listing the dates of work covered by that payment of wages; rate or rates of pay and basis thereof; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees not exempt from overtime compensation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

(12)    Defendants shall not treat any employees as exempt from the overtime compensation requirements of the Act pursuant to the exemptions set forth in section 13(a)(1) of

9

the Act, unless Defendants ensure that such employees qualify for the exemptions claimed, based on the employees' actual job duties and method of compensation, as prescribed by the Regulations found at 29 C.F.R. Part 541.

(13)   For any business entity that functions as part of an 'enterprise' together with any of Defendants, as defined by section 3(r) of the Act, Defendants shall notify all such business entities within the enterprise of the non-monetary injunctive provisions contained in Paragraph I of this Consent Judgment, including Paragraph I(1) through I(4).

(14)   Within one week of the date of entry of this Judgment, Defendants shall notify Nadzije Dimas of the non-monetary injunctive provisions contained in Paragraph I of this Consent Judgment, including Paragraph I(1) through I(4), and transmit proof thereof to counsel for the Secretary within two weeks of the date of entry of this Judgment by email to Almonte.Rosemary@dol.gov, Ma.Frances.Y@dol.gov, and Pfitsch.Hollis.V@dol.gov. Such proof shall include written acknowledgment by Nadzije Dimas that she received notice of the non-monetary injunctive provisions contained in Paragraph I of this Consent Judgment, including Paragraph I(1) through I(4).

(15)   Neither the commencement of this action nor the provisions of this Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against the Defendants under section 16(b) of the Act for any violations alleged to have occurred after November 30, 2017.

(16)    Each party will bear its own fees and other expenses incurred by such party

in connection with any stage of this proceeding.

(17)    The Court retains jurisdiction over this matter for the purposes of enforcing

this Consent Judgment.

**SO ORDERED.**

DATED:    December 2 , 2019
          Central Islip, New York

s/ Sandra J. Feuerstein

HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE

11

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

Joseph Labuda, Esq.
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
Joe@mllaborlaw.com
Counsel for Defendants Dimas Corporation,
Dimas Tower Inc., Spiros Dimas

Gary J. Dmoch, Esq.
Pantelis Skulikidis, Esq.
Gary John Dmoch & Associates
171-22 Northern Boulevard
Flushing, NY 11358
garydmoch@gmail.com
Counsel for Defendants Yianna Food
Corp. and Baftije Dimas

YIANNA FOOD CORP. d/b/a WILLISTON TOWN HOUSE DINER

BY: _____
BAFTIJE DIMAS
Owner

DATE: _____11/21/19_____

STATE OF NEW YORK        )
                         :SS:
COUNTY OF Queens         )

On the 21st day of NOVEMBER, 2019 before me came BAFTIJE DIMAS, known and to me known, who, being by me duly sworn, did depose and say that she is a duly authorized representative of YIANNA FOOD CORP., described in and which executed the foregoing instrument, that she signed her name thereto by like order.

PANTELIS SKULIKIDIS
Notary Public, State of New York
No. 02SK6108754
Qualified in Queens County
Commission Expires April 19, 20_20_

NOTARY PUBLIC

12

DIMAS CORPORATION d/b/a OLD WESTBURY DINER

BY: _____     DATE: _____ 11/21/19 _____

SPIROS DIMAS
Owner

STATE OF NEW YORK )
                                       :SS:
COUNTY OF QUEENS )

On the 21st day of NOVEMBER, 2019 before me came SPIROS DIMAS, known and

to me known, who, being by me duly sworn, did depose and say that he is a duly authorized

representative of DIMAS CORPORATION, described in and which executed the foregoing

instrument, that he signed his name thereto by like order.

PANTELIS SKULIKIDIS
Notary Public, State of New York
No. 02SK6108754
Qualified in Queens County
Commission Expires April 19, 20___          _____
                                                          NOTARY PUBLIC

DIMAS TOWER INC. d/b/a TOWERS ON THE GREEN

BY: _____     DATE: _____ 11/21/19 _____

SPIROS DIMAS
Owner

STATE OF NEW YORK )
                                       :SS:
COUNTY OF QUEENS )

On the 21st day of NOVEMBER, 2019 before me came SPIROS DIMAS, known and

to me known, who, being by me duly sworn, did depose and say that he is a duly authorized

representative of DIMAS TOWER INC., described in and which executed the foregoing

instrument, that he signed his name thereto by like order.

PANTELIS SKULIKIDIS
Notary Public, State of New York
No. 02SK6108754
Qualified in Queens County
Commission Expires April 19, 20___          _____
                                                          NOTARY PUBLIC

13

BY: _____     DATE: _11/21/19_

SPIROS DIMAS, Individually

STATE OF _NEW YORK_    )
                                              :SS:
COUNTY OF _Queens_    )

On the _21st_ day of _November_, 2019 before me came SPIROS DIMAS, to me known

and known to me to be the individual described in and who executed the foregoing instrument and

he duly acknowledged to me that he executed the same.

PANTELIS SKULIKIDIS
Notary Public, State of New York
No. 02SK6108754
Qualified in Queens County
Commission Expires April 19, 2020

_____
NOTARY PUBLIC

BY: _____     DATE: _11/21/19_

BAFTIJE DIMAS, Individually

STATE OF _NEW YORK_    )
                                              :SS:
COUNTY OF _Queens_    )

On the _21st_ day of _November_, 2019 before me came BAFTIJE DIMAS, to me

known and known to me to be the individual described in and who executed the foregoing

instrument and she duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

PANTELIS SKULIKIDIS
Notary Public, State of New York
No. 02SK6108754
Qualified in Queens County
Commission Expires April 19, 2020

14

## EXHIBIT A

### Back Wages and Liquidated Damages

|    | Name | Back Wages | Liquidated Damages | Total Due |
|----|------|------------|--------------------|-----------|
| 1  | Almendares, Mario | $161.09 | $161.09 | $322.18 |
| 2  | Alvarado, Armando | $2,631.09 | $2,631.09 | $5,262.18 |
| 3  | Alvarado, Isais | $4,167.27 | $4,167.27 | $8,334.54 |
| 4  | Alvarado, Oscar | $7,376.80 | $7,376.80 | $14,753.60 |
| 5  | Alvarez, Yoni | $161.09 | $161.09 | $322.18 |
| 6  | Alvisuris, Cristoval | $4,185.56 | $4,185.56 | $8,371.12 |
| 7  | Aragon, Christian | $2,000.98 | $2,000.98 | $4,001.96 |
| 8  | Aragon, Ever | $3,407.17 | $3,407.17 | $6,814.34 |
| 9  | Aragon, William | $3,963.36 | $3,963.36 | $7,926.72 |
| 10 | Arias, Jose Adolfo | $5,325.90 | $5,325.90 | $10,651.80 |
| 11 | Benturas, Noel | $596.42 | $596.42 | $1,192.84 |
| 12 | Blanco, Francis | $546.56 | $546.56 | $1,093.12 |
| 13 | Blanco, John "Johny" | $4,368.89 | $4,368.89 | $8,737.78 |
| 14 | Blanco, Santos Felix | $2,195.37 | $2,195.37 | $4,390.74 |
| 15 | Bonilla, Beto | $491.22 | $491.22 | $982.44 |
| 16 | Bonilla, Bryan Marquez | $985.44 | $985.44 | $1,970.88 |
| 17 | Bonilla, Elvy | $3,042.14 | $3,042.14 | $6,084.28 |
| 18 | Canales, Wilfredo | $2,657.57 | $2,657.57 | $5,315.14 |
| 19 | Castro, Enrique | $2,249.27 | $2,249.27 | $4,498.54 |
| 20 | Castro, Yorlin Alberto | $4,519.79 | $4,519.79 | $9,039.58 |
| 21 | Cerritos, Bryan | $1,203.23 | $1,203.23 | $2,406.46 |
| 22 | Clavasquin, Arturo | $357.75 | $357.75 | $715.50 |
| 23 | Delsid, Javier | $1,570.06 | $1,570.06 | $3,140.12 |
| 24 | Doblado, Edwin | $49.79 | $49.79 | $99.58 |
| 25 | Euceda, Jose Bernaldo | $3,921.57 | $3,921.57 | $7,843.14 |
| 26 | Funes, Juan Carlos | $4,208.89 | $4,208.89 | $8,417.78 |
| 27 | Garcia, Amilcar | $131.43 | $131.43 | $262.86 |
| 28 | Garcia, Oscar | $307.93 | $307.93 | $615.86 |
| 29 | Garcia, Roberto | $2,701.54 | $2,701.54 | $5,403.08 |
| 30 | Garcia, Samuel | $749.25 | $749.25 | $1,498.50 |
| 31 | Guevara, Elmer | $515.49 | $515.49 | $1,030.98 |
| 32 | Guevara, Israel | $266.19 | $266.19 | $532.38 |
| 33 | Guzman, Carlos Luis | $6,053.13 | $6,053.13 | $12,106.26 |
| 34 | Limberopoulos, Basilis | $23.36 | $23.36 | $46.72 |
| 35 | Lopez, Henri Nelson | $584.27 | $584.27 | $1,168.54 |
| 36 | Lopez, Mauricio Orlando | $1,336.55 | $1,336.55 | $2,673.10 |
| 37 | Majano, Orlando | $342.01 | $342.01 | $684.02 |
| 38 | Maldonado, Alan A. | $2,653.23 | $2,653.23 | $5,306.46 |
| 39 | Maldonado, Domis | $3,480.43 | $3,480.43 | $6,960.86 |
| 40 | Maldonado, Dudis | $1,970.53 | $1,970.53 | $3,941.06 |

| 41 | Maldonado, Gonzalo | $957.08 | $957.08 | $1,914.16 |
| 42 | Maldonado, Juan | $1,054.22 | $1,054.22 | $2,108.44 |
| 43 | Maldonado, Mauricio | $3,492.34 | $3,492.34 | $6,984.68 |
| 44 | Manolis, Manuel | $4,641.85 | $4,641.85 | $9,283.70 |
| 45 | Mazariego, Oswaldo | $6,274.07 | $6,274.07 | $12,548.14 |
| 46 | Medina, Marvin | $179.33 | $179.33 | $358.66 |
| 47 | Mejia, Geraldo | $3,547.53 | $3,547.53 | $7,095.06 |
| 48 | Mejia, Nelson | $1,882.49 | $1,882.49 | $3,764.98 |
| 49 | Melgar Reyes, Kelvin O. | $3,899.28 | $3,899.28 | $7,798.56 |
| 50 | Molina, Alex | $4,442.76 | $4,442.76 | $8,885.52 |
| 51 | Molina, Milton | $311.12 | $311.12 | $622.24 |
| 52 | Moreno, Merlin | $998.65 | $998.65 | $1,997.30 |
| 53 | Ortega, Oscar | $886.66 | $886.66 | $1,773.32 |
| 54 | Ortiz, Franklin | $5,034.36 | $5,034.36 | $10,068.72 |
| 55 | Palacios, Alis | $3,395.02 | $3,395.02 | $6,790.04 |
| 56 | Palacios, Daniel | $8,701.47 | $8,701.47 | $17,402.94 |
| 57 | Palma, Geovany | $4,660.67 | $4,660.67 | $9,321.34 |
| 58 | Pleitez, Juan | $103.31 | $103.31 | $206.62 |
| 59 | Reyes, Jose | $83.08 | $83.08 | $166.16 |
| 60 | Rios, Danae | $1,391.90 | $1,391.90 | $2,783.80 |
| 61 | Rivera, Jonathan | $439.08 | $439.08 | $878.16 |
| 62 | Rodriguez, Milton | $1,958.28 | $1,958.28 | $3,916.56 |
| 63 | Rooch, Richard | $87.77 | $87.77 | $175.54 |
| 64 | Rubi, Selvin | $871.17 | $871.17 | $1,742.34 |
| 65 | Salgado, Nelson | $4,686.16 | $4,686.16 | $9,372.32 |
| 66 | Salmeron, Denis | $3,421.89 | $3,421.89 | $6,843.78 |
| 67 | Salmeron, Gustavo | $838.88 | $838.88 | $1,677.76 |
| 68 | Santos, Irma | $5,416.06 | $5,416.06 | $10,832.12 |
| 69 | Sigaran, Nelson | $2,354.89 | $2,354.89 | $4,709.78 |
| 70 | Torres, David | $3,718.53 | $3,718.53 | $7,437.06 |
| 71 | Trujillo, Edilberto | $1,937.80 | $1,937.80 | $3,875.60 |
| 72 | Trujillo, Roberto | $596.75 | $596.75 | $1,193.50 |
| 73 | Turcios, Aristedes | $2,734.74 | $2,734.74 | $5,469.48 |
| 74 | Turcios, Neris | $1,754.20 | $1,754.20 | $3,508.40 |
| 75 | Uceba, Jose | $2,615.49 | $2,615.49 | $5,230.98 |
| 76 | Uceda, Jose | $102.52 | $102.52 | $205.04 |
| 77 | Velasquez, Olman | $4,381.20 | $4,381.20 | $8,762.40 |
| 78 | Xarpoulos, Kosnos | $85.00 | $85.00 | $170.00 |
| 79 | Yanez, Julio | $1,102.79 | $1,102.79 | $2,205.58 |

## EXHIBIT B

### Schedule of Installment Payments

| No. | Date Due | Amount Type | Principal Amount | Post-Judgment Interest Due | TOTAL DUE |
|---|---|---|---|---|---|
| 1 | 30 days from date of entry of Judgment | Liquidated Damages | $50,000.00 | $0.00 | $50,000.00 |
| 2 | 1/15/2020 | Liquidated Damages | $7,000.00 | $225.07 | $7,225.07 |
| 3 | 2/15/2020 | Liquidated Damages | $7,000.00 | $219.13 | $7,219.13 |
| 4 | 3/15/2020 | Liquidated Damages | $7,000.00 | $199.42 | $7,199.42 |
| 5 | 4/15/2020 | Liquidated Damages | $7,000.00 | $207.24 | $7,207.24 |
| 6 | 5/15/2020 | Liquidated Damages | $7,000.00 | $194.80 | $7,194.80 |
| 7 | 6/15/2020 | Liquidated Damages | $7,000.00 | $195.34 | $7,195.34 |
| 8 | 7/15/2020 | Liquidated Damages | $7,000.00 | $183.29 | $7,183.29 |
| 9 | 8/15/2020 | Liquidated Damages | $7,000.00 | $183.46 | $7,183.46 |
| 10 | 9/15/2020 | Liquidated Damages | $7,000.00 | $177.50 | $7,177.50 |
| 11 | 10/15/2020 | Liquidated Damages | $7,000.00 | $166.03 | $7,166.03 |
| 12 | 11/15/2020 | Liquidated Damages | $52,000.00 | $165.61 | $52,165.61 |
| 13 | 12/15/2020 | Liquidated Damages and Back Wages | $12,000.00 | $117.53 | $12,117.53 |
| 14 | 1/15/2021 | Back Wages | $12,000.00 | $111.26 | $12,111.26 |
| 15 | 2/15/2021 | Back Wages | $12,000.00 | $101.07 | $12,101.07 |
| 16 | 3/15/2021 | Back Wages | $12,000.00 | $82.08 | $12,082.08 |
| 17 | 4/15/2021 | Back Wages | $12,000.00 | $80.68 | $12,080.68 |
| 18 | 5/15/2021 | Back Wages | $12,000.00 | $68.23 | $12,068.23 |
| 19 | 6/15/2021 | Back Wages | $12,000.00 | $60.30 | $12,060.30 |
| 20 | 7/15/2021 | Back Wages | $12,000.00 | $48.49 | $12,048.49 |
| 21 | 8/15/2021 | Back Wages | $12,000.00 | $39.92 | $12,039.92 |
| 22 | 9/15/2021 | Back Wages | $24,000.00 | $29.72 | $24,029.72 |
| 23 | 10/15/2021 | Back Wages | $20,000.00 | $9.04 | $20,009.04 |
| 24 | 11/15/2021 | Back Wages | $20,000.00 | $0.00 | $20,000.00 |
| 25 | 12/15/2021 | Back Wages | $12,000.00 | $0.00 | $12,000.00 |
| 26 | 1/15/2022 | Back Wages | $9,000.00 | $0.00 | $9,000.00 |
| 27 | 2/15/2022 | Civil Money Penalty | $15,000.00 | $332.47 | $15,332.47 |
| TOTALS | | | $380,000.00 | $3,197.68 | $383,197.68 |

17

## EXHIBIT C - ENGLISH

### Notice to Employees

Your employer has settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement, which has been approved by a judge. The agreement requires your employer to pay money to some of you who worked for Williston Town House, Old Westbury, Towers, Spiros Dimas, and Baftije Dimas from November 30, 2014 through November 30, 2017. The money will be distributed directly by the U.S. Department of Labor. Please call the U.S. Department of Labor at (516) 338-1890 to update your contact information.

If you receive money from the settlement, you are entitled to keep this money. It is against the law for Spiros Dimas and Baftije Dimas or any person acting on behalf of Williston Town House, Old Westbury, or Towers to ask for this money back or to take it out of your pay.

It is also against the law for your employer to fire, threaten to fire or call law enforcement or immigration authorities, reduce your hours, or discriminate against you in any other way for accepting settlement money, providing information to the U.S. Department of Labor, and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of 1.5 times the employee's regular rate of pay.

Your employer must provide you with a statement of every payment of wages, whether you are paid in cash or check, listing the dates of work covered by that payment of wages; rate or rates of pay; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. The statement must include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, for those employees not exempt from receiving overtime compensation.

If you have not been paid for all of your hours worked, or if you have been asked to return your settlement money, or if you have been retaliated against, please call the U.S. Department of Labor at (516) 338-1890. Your name will be kept confidential to the extent permitted by law.

18

## EXHIBIT C – ESPAÑOL

### Aviso a los Empleados

Su empleador resolvió una demanda con el Departamento de Trabajo de los Estados Unidos y firmó un acuerdo de liquidación que ha sido aprobado por un juez. El acuerdo requiere que su empleador pague dinero a algunos de ustedes que trabajaron para Williston Town House, Old Westbury, Towers, Spiros Dimas, y Baftije Dimas desde el 30 de noviembre de 2014 hasta el 30 de noviembre de 2017. El dinero será distribuido directamente por el Departamento de Trabajo de los Estados Unidos. Por favor contacte al Departamento de Trabajo de los Estados Unidos al (516) 338-1890 para confirmar sus datos de contacto.

Si usted es uno de los beneficiados, el dinero que reciba es únicamente suyo. Es contra la ley que Spiros Dimas y Baftije Dimas o cualquier persona que actúe en nombre de Williston Town House, Old Westbury o Towers soliciten la devolución del dinero o que se lo reduzcan de su pago.

También es contra la ley que su empleador lo despida, amenace con despedirlo, o que llamen a las autoridades policiales o de inmigración, reduzca sus horas de trabajo o que te discrimine de cualquier otra manera por aceptar el dinero del acuerdo, por proporcionar información al Departamento de Trabajo de los Estados Unidos, y/o por quejarse por no recibir el salario mínimo o el pago correspondiente de sobretiempo por sus horas trabajadas. Su empleador debe pagar a sus empleados por todas las horas trabajadas, incluyendo pago adicional equivalente a tiempo y medio por horas extras trabajadas sobre 40 en una semana laboral.

Su empleador debe proporcionarle un registro o talonario de pago, ya sea el pago en efectivo o con cheque, especificando las fechas de trabajo a cual el pago corresponde; la cantidad de pago por hora; salarios brutos; descuentos; y, si corresponde, subsidios reclamados como parte del salario mínimo; y salarios netos. El registro o talonario de pago debe incluir la cantidad recibida por horas regulares o tarifas distintas de pago; el pago por horas extras y tarifas de pagos; el número de horas regulares trabajadas; y el número de horas extras trabajadas, por aquellos empleados no exentos de recibir compensación por horas extras.

Si no se le ha pagado por todas sus horas trabajadas, o si se le ha pedido que devuelva el dinero de su liquidación, o si se le ha tomado algún tipo de represalia, por favor comuníquese de inmediato con el Departamento de Trabajo de los Estados Unidos llamando al (516) 338-1890. Su identidad se mantendrá confidencial en la medida permitida por la ley.

## EXHIBIT C - ΕΛΛΗΝΙΚΑ

### Ειδοποίηση προς τους εργαζόμενους

Ο εργοδότης σας έχει προβεί σε διακανονισμό αγωγής με το Υπουργείο Εργασίας των ΗΠΑ και έχει συνάψει συμφωνία διακανονισμού, η οποία εγκρίθηκε από δικαστήριο. Η συμφωνία προβλέπει ότι ο εργοδότης σας υποχρεούται να καταβάλει χρήματα σε ορισμένους από εσάς οι οποίοι εργαστήκατε για τις επιχειρήσεις Williston Town House, Old Westbury, Towers, Spiros Dimas και Baftije Dimas από τις 30 Νοεμβρίου 2014 έως και τις 30 Νοεμβρίου 2017. Τα χρήματα θα κατανεμηθούν απευθείας από το Υπουργείο Εργασίας των ΗΠΑ. Παρακαλείστε να καλέσετε το Υπουργείο Εργασίας των ΗΠΑ στο (516) 338-1890 για να επικαιροποιήσετε τα στοιχεία επικοινωνίας σας.

Αν λάβετε χρήματα από τον διακανονισμό, έχετε το δικαίωμα να κρατήσετε αυτά τα χρήματα. Απαγορεύεται εκ του νόμου στις επιχειρήσεις Spiros Dimas και Baftije Dimas ή σε οποιοδήποτε πρόσωπο που ενεργεί εκ μέρους των Williston Town House, Old Westbury ή Towers να ζητήσουν να επιστρέψετε αυτά τα χρήματα ή να τα αφαιρέσουν από το μισθό σας.

Επίσης, απαγορεύεται εκ του νόμου στον εργοδότη σας να σας απολύσει, να απειλήσει ότι θα σας απολύσει ή να καλέσει τις αρχές επιβολής του νόμου ή τις αρχές μετανάστευσης, να μειώσει τις ώρες εργασίας σας ή να προβεί σε διακρίσεις εναντίον σας με οποιονδήποτε άλλο τρόπο για το λόγο ότι δεχτήκατε τα χρήματα του διακανονισμού, παρείχατε πληροφορίες στο Υπουργείο Εργασίας των ΗΠΑ, ή/και διαμαρτυρηθήκατε επειδή δεν λάβατε τον κατώτατο μισθό ή τις υπερωρίες που εργαστήκατε. Ο εργοδότης σας οφείλει να πληρώσει τους εργαζόμενους για όλες τις ώρες που εργάστηκαν, συμπεριλαμβανομένων όλων των υπερωριών που εργάστηκαν πέραν των 40 ωρών στη διάρκεια μιας εργάσιμης εβδομάδας με συντελεστή 1,5 φορές το βασικό μισθολόγιο του εργαζομένου.

Ο εργοδότης σας οφείλει να σας παρέχει ένα εκκαθαριστικό για κάθε πληρωμή μισθών, είτε πληρώνεστε μετρητοίς είτε με επιταγή, αναφέροντας τις ημερομηνίες εργασίας που καλύπτονται από την εν λόγω πληρωμή μισθών, το μισθολόγιο, τις μικτές απολαβές, τις παρακρατήσεις, τα επιδόματα, κατά περίπτωση, που παρέχονται στο πλαίσιο του κατώτατου μισθού, και τις καθαρές απολαβές. Το εκκαθαριστικό πρέπει να περιλαμβάνει το βασικό ωριαίο μισθολόγιο, το μισθολόγιο υπερωριών, τον αριθμό κανονικών ωρών εργασίας και τον αριθμό υπερωριών εργασίας για τους εργαζόμενους που δεν εξαιρούνται από τη λήψη αποζημίωσης υπερωριών.

Αν δεν πληρωθήκατε για όλες τις ώρες εργασίας σας ή αν σας ζητήθηκε να επιστρέψετε τα χρήματα του διακανονισμού ή αν υποστήκατε αντίποινα, παρακαλείστε να καλέσετε το Υπουργείο Εργασίας των ΗΠΑ στο (516) 338-1890. Το όνομά σας θα παραμείνει εμπιστευτικό στο βαθμό που επιτρέπεται από το νόμο.

20